# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL S. UPTHEGROVE,

        Plaintiff,

v.                                                        Case No. 08-CV-801

BYRON BARTOW, JOHN DOE sued as:
#'s 1&2 - Psychiatric Care Supervisors, #'s 3-9,
Psychiatric Care Technicians or Correctional Officers,
and CAPTAIN BROWN,

        Defendants.

# ORDER

On September 22, 2008, pro se plaintiff Samuel Upthegrove, a prisoner at Waupun Correctional Institution, filed a complaint alleging violations of 42 U.S.C. § 1983 arising when staff used excessive force and grabbed his genitals. In connection with his complaint, Upthegrove also filed a motion for leave to proceed *in forma pauperis*.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Section 1915 requires all litigants to submit an affidavit including the nature of the action, the affiant's belief of entitlement to redress, and the affiant's financial statements setting forth why the litigant is unable to pay the costs of an appeal. 28 U.S.C. § 1915(a)(1).

In addition to these statutory requirements for filing *in forma pauperis*, prisoner litigants have additional requirements under the Prison Litigation Reform Act (PLRA). Unlike other *in forma pauperis* litigants, a prisoner litigant must pay the full amount of the filing fees for his civil action. *See* 28 U.S.C. § 1915(b). A prisoner litigant must also submit a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The court will then assess and collect an initial partial filing fee from the prisoner. The initial filing fee is 20 percent of either the average monthly deposits to the prisoner's trust account, or the average monthly balance for that account for the six-month period prior to the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1).

After the initial partial filing fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). A prisoner's income included in this calculation consists of all deposits from whatever source, including gifts and bequests. *See Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). The agency that has custody of the prisoner will send payments to the court during any month in which the prisoner's income is more than $10.00, until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The prisoner must pay the full $350.00 filing fee, even if this action is later dismissed by the court or otherwise resolved.

As required by statute, Upthegrove filed a certified copy of his prison trust account statement with this court. A review of this statement reveals that the average monthly balance in Upthegrove's account for the months preceding filing of the complaint was zero. The average monthly deposit for the relevant time period was also

zero. Therefore, the plaintiff has neither assets nor means to pay the initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, the court will grant the plaintiff a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee, pursuant to the statutory formula in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

The PLRA also prohibits a prisoner litigant from bringing actions *in forma pauperis* if that prisoner previously filed more than three actions or appeals that the court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, if Upthegrove's claim is later dismissed for any of the aforementioned reasons, it will impact his ability to bring future actions *in forma pauperis*. However, if Upthegrove voluntarily dismisses this action, he may avoid incurring a "strike" under 28 U.S.C. § 1915(g).

To avoid incurring such a "strike," Upthegrove must notify the court by sending a letter to the clerk within 20 days of the date of this order stating that he does not wish to prosecute the civil action. If the court receives such a letter, it will dismiss the case without prejudice and the action will not be counted against Upthegrove under § 1915(g).

If Upthegrove chooses to proceed with his action and does not voluntarily dismiss within 20 days of the order, the court will determine whether he may proceed *in forma pauperis*. The court will review the complaint to determine whether the action is frivolous or malicious, and whether the complaint states a claim upon which relief may

be granted. If the complaint fails to meet these standards, it will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Even if the action is dismissed for frivolousness or failure to state a claim, Upthegrove must still pay the entire $350.00 filing fee.

Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), the plaintiff will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if the plaintiff wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), the plaintiff shall notify the court within 20 days of the date of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge