# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL S. UPTHEGROVE,

        Plaintiff,

v.                                                                                 Case No. 08-CV-801

BYRAN BARTOW, CAPTAIN BROWN,
and JOHN DOE #'s 1-9,

        Defendants.

## ORDER

The plaintiff, Samuel Upthegrove, a prisoner now confined at the Waupun Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by several people at the Wisconsin Resource Center. This matter comes before the court on the plaintiff's motion to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits

to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, showing that the average monthly deposit into the account was zero and the average monthly balance was also zero. The plaintiff has, therefore, been granted a waiver of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See § 1915(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a

-2-

Case 2:08-cv-00801-JPS   Filed 10/30/08   Page 2 of 8   Document 4

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on or around January 1, 2008, or January 2, 2008, ten staff members entered his cell at the Wisconsin Resource Center. The plaintiff was naked when Captain Brown and nine John Does entered his cell and restrained him. According to plaintiff, during the cell entry one of these individuals grabbed the plaintiff's penis and testicles, "squeezing them and yanking on them." The plaintiff asked who had done this, and was told "don't worry about it." As a result, plaintiff suffered swelling, fear, recurring nightmares, and pain that lasted for three days. The plaintiff seeks a declaratory judgment and damages from Captain Brown, the nine John Does (described as psychiatric care supervisors/technicians or correctional officers), and Warden Bartow, whom he alleges failed to properly train and supervise the other defendants.

When a prison official uses force against an inmate "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline," then the inmate has been subjected to cruel and unusual punishment that is prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 3, (1992); *Thomas v. Stalter*, 20 F.3d 298 (7th Cir. 1994). The plaintiff alleges that the nine John Does along with defendant Brown entered his cell together and that during the process of forcibly restraining the naked plaintiff one of these ten defendants squeezed and yanked the plaintiff's penis and testicles. At this stage in the proceedings, the court finds that the plaintiff has stated a claim against John Does #1-#9 and defendant Brown for excessive use of force in violation of the Eighth

-4-

Case 2:08-cv-00801-JPS   Filed 10/30/08   Page 4 of 8   Document 4

Amendment. However, the plaintiff is advised that he must identify his "John Doe" defendants in order to effect service on them. The Marshals cannot serve unidentified defendants. If the plaintiff does not know the names of the Doe defendants, he must discover them by filing a discovery request upon the known defendants after they have been served. If those defendants do not provide an answer, the plaintiff may file a motion to compel with the court. Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.

Turning to the plaintiff's allegations against defendant Bartow, the situations in which a failure to train may subject a government official to liability for a constitutional violation are quite limited. A supervisor may not be liable simply because he had authority over someone else that violated a detainee's constitutional rights. Rather, the plaintiff must show that the supervisor's actions (or his failure to act) helped to cause the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). More specifically, a plaintiff must show that the official knew that employees would confront a particular situation presenting likely constitutional violations, and that training or supervision would improve the handling of the situation. *Kitzman-Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000); *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997). Although the plaintiff's allegations are sparse, they are sufficient to place the defendants on notice of his claim, which is all that is required to satisfy the pleading requirements of Rule 8. Thus, the plaintiff may proceed with his failure to train claim against defendant

Bartow in his official capacity. However, "failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 389 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739-740 (7th Cir. 2001).) Therefore, any failure to train claim against defendant Bartow in his individual capacity is dismissed. *See id.*

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that any claim against defendant Bartow in his individual capacity be and the same is hereby **DISMISSED**. The plaintiff may proceed on his failure to train claim against defendant Bartow in his official capacity, along with his excessive use of force claim against the other defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 U.S.C. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

-6-

Case 2:08-cv-00801-JPS   Filed 10/30/08   Page 6 of 8   Document 4

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall use discovery to identify the John Doe defendants.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Warden of the institution where the inmate is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R.

-7-

Case 2:08-cv-00801-JPS   Filed 10/30/08   Page 7 of 8   Document 4

Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge