# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL S. UPTHEGROVE,

        Plaintiff,

v.                                          Case No. 08-C-801

BYRAN BARTOW, CAPTAIN BROWN,
and JOHN DOE #'s 1-9,

        Defendants.

## ORDER

The plaintiff, Samuel Upthegrove, a prisoner now confined at the Waupun Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by several people at the Wisconsin Resource Center. This matter comes before the court on motions by the plaintiff and defendant Byran Bartow to stay proceedings, and the plaintiff's motion to appoint counsel.

Counsel for defendant Byran Bartow filed a motion on March 23, 2008, requesting a stay of all proceedings in this case until March 2010 because co-defendant Captain Lars Brown (who has not yet been served) is deployed on active duty in Iraq until that time. Defense counsel states that defendant Brown's current deployment prevents counsel from preparing his defense and documentation for discovery and summary judgment. Counsel submits a copy of defendant Brown's military orders and a letter from defendant Brown's Deputy Staff Judge Advocate

affirming that defendant Brown will be unable to appear until he returns sometime in March 2010. On February 18, 2009, the plaintiff also filed a motion requesting that this action be stayed until defendant Brown returns from his military deployment. Under these circumstances, a stay is authorized by the Servicemembers' Civil Relief Act, 50 App. U.S.C. § 501, et seq., and a stay of the proceedings until March 1, 2010, will be granted by the court.

The court notes that the plaintiff has filed two different proposed amended complaints, on January 12, 2009, and March 16, 2009. Because this action is being stayed, the court will not address the proposed amended complaints at this time. The plaintiff is advised that if he wishes to amend his complaint, he must wait until the stay is lifted on March 1, 2010, to do so. After March 1, 2010, the plaintiff may file a proposed amended complaint along with a motion seeking the court's leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2).

The plaintiff also filed a motion to appoint counsel on January 12, 2009. The plaintiff states that his attempts to retain an attorney have been unsuccessful, and that his multiple, severe mental illnesses affect his ability to investigate and perform legal work. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Therefore, when a pro se plaintiff demonstrates that he has made an unsuccessful attempt to obtain legal counsel, the court must consider "whether the

-2-

Case 2:08-cv-00801-JPS    Filed 04/02/09    Page 2 of 4    Document 29

plaintiff appears competent to litigate his own claims, given their degree of difficulty." *Id.* at 655.

Based upon the plaintiff's affidavit stating that four attorneys have declined to represent him, the court concludes that the plaintiff has met his threshold burden of making reasonable efforts to obtain counsel. Turning to the second step of the analysis, the court notes that the plaintiff's filings are literate, clear, and supported by relevant citations to legal authority, while his excessive force/sexual abuse claim does not appear unusually complex. At this point, the plaintiff is able to proceed competently without the aid of counsel. Therefore, the court shall deny the plaintiff's motion for the appointment of counsel without prejudice.

Accordingly,

**IT IS ORDERED** that the motions of the plaintiff and of defendant Bartow for a stay of proceedings until defendant Brown returns from military deployment (Docket #'s 22 and 26) are **GRANTED.**

**IT IS FURTHER ORDERED** that the scheduling order issued on December 30, 2008 (Docket #12), is **VACATED** and this action is hereby **STAYED until March 1, 2010.**

**IT IS FURTHER ORDERED** that defense counsel shall promptly notify the court when defendant Brown returns from active military duty.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #14) is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Warden of the institution where the inmate is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge